IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

RAFAL RUDNICKI, )
)
Plaintiff, )
)
vs. ) No. 04 C 5719
)
WPNA 1490 AM ALLIANCE )
COMMUNICATIONS, INC., POLISH )
NATIONAL ALLIANCE OF THE )
UNITED STATES OF NORTH )
AMERICA, SLAWOMIR BIELAWIEC )
and WALDEMAR LADA, )
)
Defendants. )

## MEMORANDUM OPINION AND ORDER

Plaintiff Rafal Rudnicki brought this copyright infringement action against WPNA 1490 AM, Alliance Communications, Inc., the Polish National Alliance of the United States of North America, Slawomir Bielawiec, and Waldermar Lada (collectively, "defendants"), after defendants allegedly broadcast on WPNA 1490 AM plaintiff's copyrighted works without plaintiff's permission. Plaintiff now moves for partial summary judgment and seeks a declaration that he is entitled to seek statutory damages and attorney fees under the United States Copyright Act (17 U.S.C. § 101, *et seq.*). For the following reasons, plaintiff's motion is denied.

Summary judgment will be granted when the record fails to disclose a "genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). Plaintiff submitted a statement of facts pursuant to Local Rule 56, to which defendants responded. Defendants' response fails to satisfy Local Rule 56.1(b)(3)(A) because it contains general denials and claims of insufficient knowledge, instead of "specific references to the affidavits, parts of the record, and other supporting materials relied upon."

L.R. 56.1(b)(3)(A); see Malec v. Sanford, 191 F.R.D. 581, 584 (N.D. Ill. 2000); Hartford Fire Ins. Co. v. A. Block Mktg., 2005 U.S. Dist. LEXIS 15778, 7-8, 2005 WL 1838447 (N.D. Ill. 2005) (citing Unterreiner v. Volkswagen of America, Inc., 8 F.3d 1206, 1211 (7th Cir. 1993)) ("[g]enerally, stating that one does not have sufficient information to admit or deny a Local Rule 56.1 statement of fact constitutes an admission of that fact."). Defendants therefore admit plaintiff's facts, but in light of plaintiff's legal argument the significance of those admissions is minimal and does not entitle plaintiff to partial summary judgment. As discussed below, plaintiff must show that there is no genuine issue of material fact that he has complied with 17 U.S.C. § 411(b), and specifically, subsection (b)(1). The statement of facts do not contain any assertions that address the key elements of those provisions.

Plaintiff is a Polish journalist for RadioZET, a major Polish radio broadcast network. A number of his news reports have appeared on RadioZET's website. We assume that plaintiff's works are subject to the Berne Convention because plaintiff is a foreign national and the works were published in Poland, a signatory to the Berne Convention.[1] Generally, registration is a prerequisite for an infringement action, but section 411(a) specifically exempts foreign works from this requirement. The parties expend much effort discussing the Berne Convention and its legislative history, but with respect to the narrow question that plaintiff presents, section 411(b) and not the Berne Convention controls.

Plaintiff seeks partial summary judgment on the issue that he may seek statutory damages and attorney's fees even though his works are not registered. Under section 412 a copyright owner must register his work in order to obtain statutory damages and attorney's

---

[1] We note that such an assumption, which plaintiff asks the court to make (see plf.mem. at 2), is not entirely appropriate. For this summary judgment motion all inferences (including reasonable assumptions) are drawn in favor of defendants, the non-moving parties.

fees, unless he brings an infringement action under one of three sections of the Copyright Act, including section 411(b). The fact that plaintiff's works fall within the scope of the Berne Convention does not excuse non-registration for the purpose of seeking extraordinary damages.[2] Plaintiff, accordingly, argues that his action is brought under section 411(b).

Section 411(b) provides that a copyright owner of a "work consisting of sounds, images, or both," in which the first fixation is made simultaneously with transmission, may bring an action subject to the remedies set forth in sections 502 through 506, and sections 509 and 510. However, the copyright owner must "serve[ ] notice upon the infringer, not less than 48 hours before such fixation, identifying the work and the specific time and source of its first transmission, and declaring an intention to secure copyright in the work." Section 411(b)(1). The copyright owner must also register the work within three months of the transmission, if registration is required by section 411(a).

The record does not show that plaintiff has satisfied section 411(b). Perhaps he can satisfy that section (he goes much of the way in his argument), but plaintiff's statement of facts fails to focus on the requirements of section 411(b). With respect to the fixation requirement, plaintiff states in his memoranda that RadioZET simultaneously recorded plaintiff's reports when it transmitted over the radio, and that it later posted those reports on its website (plf.mem. at 7). According to plaintiff, his radio reports received copyright protection at the moment when they were broadcast on RadioZET, the moment of first transmission, not when

---

[2] *See* Edmark Indus. SDN. BHD. v. South Asia Int'l (H.K.) Ltd., 89 F. Supp. 2d 840, 844 (D. Tex. 2000) (citing 1 BOORSTYN ON COPYRIGHT § 1.08, p. 1-47 (1999)) ("While registration is not necessary, Boorstyn highly recommends that foreign works be registered in order to take advantage of the presumption of copyright validity under section 410(c) and to be entitled to statutory damages and attorney's fees under section 412"); William M. Landes & Richard A. Posner, *Indefinitely Renewable Copyright*, 70 U. CHI. L. REV. 471, 518 n.66 (2003); Ruth Okediji, *Toward an International Fair Use Doctrine*, 39 COLUM. J. TRANSNAT'L 75, 145 (2000).

they were posted on RadioZET's website. Nowhere in the statement of facts does plaintiff establish the relationship between the radio broadcasts and the posting of those recordings online. Although it is frequently the case that radio broadcasts are simultaneously recorded, here it is not clear that the first fixation occurred simultaneously with the transmission, much less established to the extent that no factual disputes exist. For example, defendants assert that plaintiff's reports were pre-recorded prior to their broadcast over the radio. Plaintiff disagrees, and states that the reports were transmitted live on the air. Summary judgment will not be granted in light of such factual disputes. Moreover, legal arguments not tethered to substantiating facts do not warrant the granting of summary judgment. *See* Drake v. 3M, 134 F.3d 878, 887 (7th Cir. 1998).

Similarly, it is not clear that plaintiff served notice on defendants more than 48 hours before fixation and identified the work, time of transmission, and intent to secure a copyright. Plaintiff contends that the copyright notice that appears at the bottom of the RadioZET website satisfies the notice requirement (plf. mem. at 10-11). Plaintiff provides a printout from what we assume is RadioZET's website, at the bottom of which appears "copyright 2004 by Radio Zet Sp. z.o.o.". That website is entirely in Polish, and it is impossible to identify the scope of the copyright's coverage. It is unclear whether it applies to specific links, certain logos, or other features that appear on the web page. The copyright vests ownership in RadioZET, and from all appearances it fails to provide proper notice to defendants by identifying the work and specific time and source of its first transmission.[3]

Because there are outstanding factual issues as to plaintiff's compliance with section

---

[3] In light of plaintiff's failure to show that there exists sufficient notice identifying the work and the specific time of its first transmission, we need not reach the issue whether plaintiff must also declare an intent to secure a copyright in the works.

411(b), and specifically 411(b)(1),[4] his motion for summary judgment is denied.

## CONCLUSION

For the foregoing reasons, plaintiff's motion for partial summary judgment is denied.

JAMES B. MORAN
Senior Judge, U. S. District Court

Jan. 4, 2006.

---

[4]The registration requirement of section 411(b)(2) does not apply because that subsection conditions registration on section 411(a), which does not require registration for foreign works. Thus, the Berne Convention excuses plaintiff from complying with 411(b)(2), but not (b)(1).