IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| RAFAL RUDNICKI, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| -v- | ) | Case Number: 04 C 5719 |
| | ) | |
| WPNA 1490 AM, ALLIANCE | ) | Judge Moran |
| COMMUNICATIONS, INC., POLISH | ) | Magistrate Judge Nolan |
| NATIONAL ALLIANCE OF THE | ) | |
| UNITED STATES OF NORTH AMERICA, | ) | |
| SLAWOMIR BIELAWIEC and | ) | |
| WALDERMAR LADA, | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF'S MOTION *IN LIMINE* TO PRECLUDE THE DEFENDANTS FROM ARGUING NON-REGISTRATION OF PLAINTIFF'S WORKS**

NOW COMES the plaintiff, Rafal Rudnicki, (hereinafter "Rudnicki") by and through his attorneys, The Gleason Law Group, PC and for his motion *in limine* to preclude the Defendants from arguing that certain of Plaintiff's works are not duly registered, states as follows:

**BACKGROUND**

Rudnicki seeks to have certain of his radio addresses which he authors and performs and which he has caused to be registered declared to be exempt from the attacks by the Defendants wherein they claim that the works are not protected by the Certificate of Registration issued by the Untied States Copyright Office.[1] Attached to this motion at Exhibit A is a true and correct copy of the Certificate of Registration dated September 5, 2006 issued to Rafal Rudnicki as the author and performer of his radio addresses in the form of "News Reports and Analysis of Rafal

---

[1] Rudnicki continues to assert that all of his works, including those which pre-date registration, are protected by a valid copyright under Polish law and, by extension of the Berne Convention, subject to the copyright protections of U.S. law, including the triggering of statutory damages. However, this motion does not address any of Rudnicki's works which are not the subject of the registration.

1

Rudnicki" which were written and broadcast in the year 2006. (See affidavit of Rafal Rudnicki attached as Exhibit B) The Plaintiff's works have been duly registered with the United States Copyright Office and, as such, Defendants should be estopped from arguing that the works covered by the Certificate are not the subject of a valid copyright. For purposes of this motion *in limine*, these works include all addresses which post-date the Certificate's effective date of September 5, 2006[2] as well as those works which pre-date the Certificate's effective date by ninety (90) days.[3] Defendants have offered, and there exist no facts which would support any finding of invalidity of the copyright and Rudnicki seeks to have this Court so find and prohibit the Defendants from claiming that Rudnicki's works are not duly registered and subject to the protections afforded to copyrighted works.

## ARGUMENT

### I. Rudnicki's Certificate of Registration is *Prima Facie* Evidence of a Valid Copyright and the Burden Shifts to the Defendants to Overcome this Presumption

In any judicial proceeding, the certificate of registration "shall" constitute *prima facie* evidence of the validity of a copyright and of the facts stated in the certificate. The Balsamo/Olson Group, Inc. v. Bradley Placed Limited Partnership, 966 F. Supp. 757, 760 (C.D. 1996) (citing 17 U.S.C §410 (c); Illinois Bell Tel. Co. v. Haines and Co., Inc, 683 F. Supp. 1204, 1207 (N.D. Ill. 1988), *vacated on other grounds*. "Once such a showing has been made, the burden shifts to the Defendant to prove that the copyright is somehow invalid." Id. (citing JR. Lazaro Builders v. R.E. Ripberger Builders, Inc. 833 F. Supp. 336, 339 (S.D. Ind. 1995) Rudnicki has presented the Defendants with his Certificate of Registration and there is a *prima*

---

[2] Plaintiff has presented evidence that Defendants aired the Plaintiff's works at least through October of 2006.
[3] 17 U.S.C §411 (b) provides ninety day retroactive protection from the date of initial transmission for audio works whose fixation was simultaneous with its transmission.

2

*facie* presumption of the copyrighted status of his works and it is the burden of the Defendants herein to overcome that burden. See id. This they cannot do.

Rudnicki, as both the author and performer of his works sought and secured a certificate of registration by completing and filing Form SR which is designed to cover sound recordings of the author's materials. United States Copyright Office circular number 56 states that:

> "Form SR must also be used if you wish to make one registration for *both* the sound recording *and* the underlying work (the musical composition, dramatic, or literary work). You may make a single registration only if the copyright claimant is the same for both the sound recording and the underlying work." (http://www.copyright.gov/circs/circ56.html)

Rudnicki in this case is the owner of both the sound recording and the written underlying work he prepared before performing his radio addresses in the form of "News Report and Analysis of Rafal Rudnicki" and both works are duly protected under United States Copyright law.

## II. The Deposit of Sample Texts and Recordings of the "News Report and Analysis of Rafal Rudnicki" is Sufficient in Law to Protect the Plaintiff's Ongoing Radio Addresses

### A. Sufficiency of deposit does not affect copyright

Defendants have suggested, although they have never formally moved for any such finding, that the copyright held by Rudnicki is invalid for most of his 2006 works because it is premised on a *sampling* of text and recording of Rudnicki's work which was deposited with the U.S. Copyright office. Defendants are wrong. First, 17 U.S.C. § 407 subsection (a) makes clear that deposit "is not a condition of copyright protection."

Second, even a failure to make a deposit would not result in a loss of the copyright protections. Under the 1909 Act, deposit of copies for the collections of the Library of Congress was part of the process of registering a copyright, and "failure to comply with a formal demand [by the Register of Copyrights] for deposit and registration result[ed] in complete loss of

3

copyright." *See* H.R. REP. NO. 94-1476 at 150 (1976). The 1976 Act treats deposit and registration as "separate though closely related." *See id.* Under the 1976 Act, "the deposit requirements can be satisfied without ever making registration," and deposit "is not a condition of copyright." *See id.* at 150. "Where the category is not exempted and deposit is not made, the Register may demand it; failure to comply would be penalized by a fine," rather than by forfeiture of copyright. *See id.* at 150.

**B. Rudnicki's deposit was sufficient and his works are exempt from registering each and every broadcast**

The Register of Copyrights is entitled to exempt certain categories of materials from the deposit requirement to reflect "the needs and wants of the Library." *See id.* at 150, 151. The Copyright Office can and does offer deposit exemptions for works such as Rudnicki's.

Subsection C of 17 U.S.C. § 407 provides:

(c) The Register of Copyrights may by regulation exempt any categories of material from the deposit requirements of this section, or require deposit of only one copy or phonorecord with respect to any categories. Such regulations shall provide either for complete exemption from the deposit requirements of this section, *or for alternative forms of deposit aimed at providing a satisfactory archival record of a work without imposing practical or financial hardships on the depositor*... (Emphasis added.)

**i. Rudnicki's works are exempt from the deposit requirement**

Rudnicki's radio addresses in the form of "News Report and Analysis" from 2006 are exempt under 37 CFR 202.19 (c) (3) which regulates the exemptions for the deposit of published copies and phonorecords for copyright registration, which include addresses:

(c) Exemptions from deposit requirements. The following categories of material are exempt from the deposit requirements of section 407(a) of title 17:

(3) Lectures, sermons, speeches, and *addresses* when published individually and not as a collection of the works of one or more authors. (emphasis added)

4

### ii. Confirmation of exemption of Rudnicki's radio addresses

As is attested to in the attached affidavit of Rudnicki, it was only after speaking to the United States Copyright Office in August of 2006 and inquiring as to the Register's requirements, that he complied with the instruction of the Register to submit samples, in text and recorded form, to the U.S. Copyright office.[4] Rudnicki informed the Register that his works are short radio addresses in the form of news reports that he writes and performs on a daily basis. He explained that he authors and broadcasts in excess of 40 addresses per month. As such, he was instructed to deposit examples of his works with the Copyright Office, using Form SR, and that his copyright would be perfected for all of his 2006 works which were authored by him as part of his collection of radio addresses broadcast as his "News Reports and Analysis of Rafal Rudnicki."

Moreover, a requirement that every one of Rudnicki's daily radio addresses would need to be deposited with the Copyright Office would cause practical and financial hardships on the Plaintiff.[5] The Register's acceptance of sample texts and recordings of the radio addresses is a reasonable "*alternative form of deposit aimed at providing a satisfactory archival record of a work without imposing practical or financial hardships on the depositor...* 17 U.S.C. § 407(c)

### C. The content and sufficiency of the deposit falls solely within the province of the Register of Copyrights

Even if Rudnicki's works were not exempted by 17 U.S.C. § 407, as stated above, the instruction received by Rudnicki from the United States Copyright Office and his subsequent compliance with that instruction is in accord with 37 U.S.C. 202.19 which gives the Register

---

[4] The United States Copyright Office states on its website that "If you are unsure of the deposit requirement for your work, write or call the Copyright Office and describe the work you wish to register". (http://www.copyright.gov/circs/circ1.html#sdr)
[5] While the impracticality is evident, the minimum cost to Rudnicki would exceed $1,800 a month for registration fees alone.

broad authority to exempt works from a deposit requirement. Subsection (e) of 37 U.S.C. 202.19 provides that there are exemptions from deposit of published copies or phonorecords:

> (e) Special relief. (1) In the case of any published work not exempt from deposit under paragraph (c) of this section, the Register of Copyrights may, after consultation with other appropriate officials of the Library of Congress and upon such conditions as the Register may determine after such consultation:
>    (i) *Grant an exemption from the deposit requirements of section 407(a) of title 17 on an individual basis for single works or series or groups of works*; or
>    (ii) *Permit the deposit of one copy or phonorecord, or alternative identifying material, in lieu of the two copies or phonorecords required by paragraph (d)(1) of this section;* or
>    (iii) *Permit the deposit of incomplete copies or phonorecords, or copies or phonorecords other than those normally comprising the best edition*; or
>    (iv) Permit the deposit of identifying material which does not comply with Sec. 202.21 of these regulations.

In reviewing the findings of a United States District Court for the Northern District of Illinois regarding the scope of the authority of the Register of Copyrights, the Seventh Circuit Court of Appeals found that the Register was vested with "broad authority" to determine deposit requirements. National Conference of Bar Examiners v. MultistateLegal Studies, Inc.. 692 F2d 478, 483 (1982). In responding to the argument of Multistate Legal Studies that the National Conference of Bar Examiners had to deposit a complete copy of its secure tests, rather than excised copies, as was accepted by the Register, the Court stated:

> Although the House Report is silent on the precise subject of the deposit requirements for secure tests, it is evident that the legislation is intended to vest broad authority in the Register of Copyright to fashion a workable system of registration and deposit of copyrighted works. The introductory sentence of a relevant section of the legislative history instructs: "Consistent with the principle of administrative flexibility underlying all of the deposit and registration provisions, subsection (c) of section 408 also gives the Register latitude in adjusting the type of material deposited to the needs of the registration system." [Citation omitted.] In view of this expressed policy of administrative flexibility over deposit requirement, we do not agree with Legal Studies' suggestion that the purpose of the statute was merely to facilitate the deposit of unwieldy items. 692 F2d 478 at 484

The Defendants have no basis on which to dispute the decision of the Register to accept as an appropriate deposit a sample of Rudnicki's 2006 works and to then issue a Certificate of Registration protecting the author's 2006 works.

## CONCLUSION

Wherefore, the Plaintiff, Rafal Rudnicki moves this Court to enter an Order finding that the his radio addresses titled "News Reports and Analysis of Rafal Rudnicki" for the 2006 year are duly registered and that the Defendants are prohibited from referring to those works as unregistered or as excluded from the Certificate of Registration issued by the Register of Copyrights of the United States of America dated September 5, 2006.

        Respectfully submitted,

        By: s/Nancy J. Gleason

THE GLEASON LAW GROUP, PC
Nancy J. Gleason
Bar No.: 0969397
4653 North Milwaukee Avenue
Chicago, IL 60630
Telephone: (773) 282-6500
Facsimile: (773) 282-4011
E-mail: njg@gleasonlaw.us