IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| RAFAL RUDNICKI | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case Number: 04 C 5719 |
| v. | ) | |
| | ) | Judge James B. Moran |
| WPNA 1490 AM, ALLIANCE | ) | |
| COMMUNICATIONS, INC., | ) | Magistrate Judge Nolan |
| POLISH NATIONAL ALLIANCE OF | ) | |
| THE UNITED STATES OF | ) | |
| NORTH AMERICA, | ) | |
| SLAWOMIR BIELAWIEC and | ) | |
| WALDERMAR LADA, | ) | |
| | ) | |
| Defendants. | ) | |

## ALLIANCE COMMUNICATIONS AND PNA'S
## RESPONSE TO PLAINTIFF'S MOTION *IN LIMINE*

Under section 412 of the Copyright Act, a copyright owner must register his work in order to obtain statutory damages and attorney's fees, unless he can establish that a statutory exception applies. In his Motion *In Limine*, Plaintiff asks the Court to take a leap of faith that simply because Plaintiff deposited recordings of six unidentified news broadcasts with the Copyright Office in September 2006, he is entitled to statutory damages for infringements of any of his news reports regardless of whether the works allegedly infringed bear any relation to the works deposited. In fact, the Plaintiff has shown no relationship (either in time or subject matter) between the six works he deposited in September 2006 and the twenty-six works the Defendants are alleged to have infringed in 2004 or the twenty-seven works in 2006. Moreover, he has failed to establish that the works allegedly infringed qualify for any exception to the Copyright Act's registration requirement. Accordingly, the Court should deny Plaintiff's Motion *in Limine* and grant Defendants' pending motion for leave to take additional deposition testimony from the

Plaintiff so that Defendants can seek partial summary judgment in their favor on the issue of statutory damages.

I.      APPLICABLE LEGAL STANDARDS

Evidence is excluded on a motion *in limine* only if the evidence is not admissible for any purpose. *Hawthorne Partners v. AT & T Technologies*, 831 F.Supp. 1398, 1400 (N.D.Ill.1993). Unless the targeted evidence is clearly inadmissible, evidentiary rulings must be deferred until trial so that questions of foundation, relevancy and potential prejudice are resolved in the proper context. *Id.* at 1401; *Jonasson v. Lutheran Child and Family Services*, 115 F.3d 436, 440 (7th Cir. 1997) (holding that it is necessary to defer ruling until trial if the "evidentiary submission cannot be evaluated accurately or sufficiently" by the trial judge in the given procedural setting); *Inter-Asset Finanz AG v. Refco, Inc.,* 1993 WL 311772, *1 (N.D.Ill. Aug.12, 1993) (denying motion *in limine* because the court lacked the proper context for ruling on the admissibility of the evidence). Plaintiff does not identify specific evidence that Defendants should be precluded from offering. Instead, he contends that "Defendants should be estopped from arguing that the works covered by the Certificate are not the subject of a valid copyright." *See* P.'s Mot. *in Limine*, docket no. 77.[1] Because Plaintiff's motion fails to establish a statutory basis upon which Plaintiff may seek statutory damages, his motion should be denied.

---

[1] The motion *in Limine* is oddly entitled "Plaintiff's Motion In Limine To Preclude The Defendants From Arguing Non-Registration Of Plaintiff's Works. Ironically, the motion is based on two pieces of evidence that would be excluded if offered at trial: (1) Plaintiff's unsigned, improper affidavit; and (2) a hearsay summary of information conveyed to Plaintiff by an unidentified U.S. Copyright Office staffer.

## II.     BACKGROUND

### A.     The Court Denies Plaintiff's Motion for Partial Summary Judgment

In 2005, before the parties conducted any discovery, Plaintiff moved for partial summary judgment on the issue of his entitlement to statutory damages under the Act.  *See* P.'s Mot. For Summ. Judg., docket no. 40.  In that motion, Plaintiff contended his 2004 news reports were works ". . . consisting of sounds . . . the first fixation of which is made simultaneously with its transmission . . ." as described in 17 U.S.C.A. § 411(b) of the United States Copyright Act (the "Act").  *Id.*  Although the Court recognized that § 411(b) affords a narrow exception to the registration requirement for sound recordings, it found that the Plaintiff failed to show that he had satisfied section 411(b) and therefore denied his motion.  *See* Jan. 4, 2006 Memorandum Opinion and Order, docket no. 52. (confirming that "the Berne Convention does not excuse non-registration for the purpose of seeking extraordinary damages.")[2]  Specifically, the Court noted that the Plaintiff failed to establish how the reports were fixated or transmitted and the relationship between the broadcasts and the postings of them online.  The Court further noted Plaintiff's failure to establish that Plaintiff served notice on defendants more than 48 hours before fixation that would have identified the work, time of transmission, and intent to secure a copyright as required under § 411(b).  *Id.*

---

[2] In support of its position, this Court cited *Edmark Indus. SDN, BHD. v. South Asia Int'l (H.K.) Ltd.,* 89 F.Supp.2d 840, 844 (D.Tex.2000) (citing 1 BOORSTYN ON COPYRIGHT § 1.08, p. 1-47 (1999)) ("While registration is not necessary, Boorstyn highly recommends that foreign works be registered in order to take advantage of the presumption of copyright validity under section 410(c) and to be entitled to statutory damages and attorney's fees under section 412"); William M. Landes & Richard A. Posner, *Indefinitely Renewable Copyright,* 70 U. CHI. L.REV. 471, 518 n. 66 (2003); Ruth Okediji, *Toward an International Fair Use Doctrine,* 39 COLUM. J. TRANSNAT'L. 75, 145 (2000).

B.     **Post-Ruling Developments**

On August 28, 2006, Plaintiff submitted a Form SR ("For Sound Recordings")[3] to the U.S. Copyright Office. Thereafter, the Copyright Office issued a Certificate of Registration for unspecified sound recordings, effective September 5, 2006 (approximately two years after Plaintiff filed his copyright infringement complaint on August 31, 2004). Plaintiff did not retain or produce the materials he deposited with his registration and resisted providing Defendants permission to access the materials he deposited.

While Defendants waited on the production of the works deposited, Plaintiff filed a Second Amended Complaint on May 29, 2007, alleging that defendants Bielawiec and Lada directly infringed Plaintiff's unregistered copyrighted reports in 2004 and 2006. Second Am. Compl., ¶18, Exs. A and C attached thereto, docket no. 66. In his Second Amended Complaint, Plaintiff also alleges that Alliance and PNA infringed Plaintiff's "Copyrighted Materials" and, without identifying the materials, contends he is entitled to statutory damages for infringements of both registered and unregistered materials. *Id.* at ¶21, 31, 36, 39.

By way of motion *in Limine*, Plaintiff now seeks an order entitling him to seek statutory damages for the alleged infringements. Plaintiff all but abandons his attempt to establish his entitlement to statutory damages for the alleged 2004 infringements. *See* P.'s Motion p. 2 ("For

---

[3] The U.S. Copyright Office's website defines "sound recordings" as "works that result from the fixation of a series of musical, spoken, or other sounds, but not including the sounds accompanying a motion picture or other audiovisual work." *See* http://www.copyright.gov/register/sound.html. The U.S. Copyright Office further instructs that:

Copyright registration for a sound recording alone is neither the same as, nor a substitute for, registration for the musical, dramatic, or literary work recorded. The underlying work may be registered in its own right apart from any recording of the performance, or in certain cases, the underlying work may be registered together with the sound recording.

*Id.*

4

purposes of this motion *in limine*, these works include all addresses which post-date the Certificate's effective date of September 5, 2006 as well as those works which pre-date the Certificate's effective date by ninety (90) days"). What is not clear from Plaintiff's Motion is the section of the Copyright Act upon which he rests his argument. In footnote 2 of the Motion, he cites Section 411(b) for the proposition that a copyright holder may recover statutory damages under certain circumstances if he registers simultaneously transmitted works within ninety days of first fixation. 17 U.S.C.A. § 411(b). However, in Plaintiff's Response to Defendants' Motion for Leave to Take Additional Deposition Testimony, he asserts that "Section 411(b) of the Copyright Act is not at issue as to those works which are the subject of the Motion *in Limine*." See Docket no. 90, p. 3.

It is impossible to reconcile Plaintiff's inconsistent arguments. Regardless, Plaintiff's Motion *in Limine* fails to answer the many questions the Court raised in its January 4, 2006 Memorandum Opinion and Order denying his Motion for Partial Summary Judgment (either with respect to the 2004 or 2006 alleged infringements) or offer any other legitimate basis for statutory damages.

**III.   ARGUMENT**

    **A.   Plaintiff Cannot Seek Statutory Damages Because He Cannot Establish That He Registered The Allegedly Infringed Works Before The Infringements Occurred**

As the Court noted in its January 4, 2006 Memorandum Opinion and Order, timely registration of a claimant's copyright is ordinarily a prerequisite to the recovery of statutory damages or attorney's fees. *Mem. Op*. p. 2, *citing* 17 U.S.C. § 412; s*ee also, La Resolana Architects, PA v. Clay Realtors Angel Fire,* 416 F.3d 1195, 1204-1205 (10th Cir. 2005) (finding that "[e]very remedy outlined in [the Act], including injunctions, is conditioned upon a copyright

5

owner having registered the copyright"); *see also Deltak, Inc. v. Advanced Systems,* 767 F.2d 357, 359 (7th Cir. 1985) (finding that neither statutory damages nor attorney's fees were available because plaintiff did not register its copyright until two months after infringement).

Although Plaintiff deposited six works with the Copyright office in September 2006, his motion fails to establish that any of the infringements alleged in his Second Amended Complaint for Copyright Infringement relate to the six works deposited or that the infringements occurred after the date of registration. In other words, Plaintiff's Motion *in Limine* does not establish that the Defendants copied any of the six works that were registered after the date of their registration. The defect in Plaintiff's Motion is not surprising given that Plaintiff could provide little information about the six reports in question. During his deposition, Plaintiff conceded ". . . it's hard for me to say specifically which reports they were. They were just several reports that I made." *See* P.'s Deposition, attached as Exhibit "A" at 134:10 – 137:15. Although the Plaintiff testified very generally regarding the subject matter of three out of the twenty-seven 2006 reports, he was unable to recall how they were prepared or the date on which they were broadcast. *Id.*, p. 128:10-24, 129:1; 125:19-23, 126:1-8. Without being able to establish that the alleged infringements relate to works that were registered, Plaintiff cannot seek statutory damages under § 412.

> **B.  Plaintiff Has Not Established His Right To Seek Statutory Damages Under Any Statutory Exception To The Registration Requirement**
>
> **i.  Plaintiff cannot establish a right to statutory damages under § 411(b).**

In its January 4, 2006 Memorandum Opinion and Order, the Court recognized a limited exception to the rule requiring registration as a precondition for statutory damages. The exception, set forth in § 411(b), applies to works consisting of sounds, images, or both, the first fixation of which is made simultaneously with its transmission. 17 U.S.C. § 411(b). Section

411(b) was designed to permit suits that would enjoin the infringement of "live" broadcasts before such broadcasts had actually taken place. (*See* H.R. Rep. No. 1476, 94th Cong., 2d Sess. 157 (1976); S. Rep. No. 473, 94th Cong., 1st Sess. 140 (1975).) In such a case, either before or after such fixation takes place, the copyright owner may institute an action for infringement and statutory damages and attorneys' fees, but *only* if the copyright owner provides an "Advance Notice of Potential Infringement" by:

(1) Serving notice upon the infringer, not less than forty-eight hours before such fixation;

(2) The notice must identify the work;

(3) The notice must identify the specific time and source of its first transmission;

(4) The notice must declare an intention to secure copyright in the work; and

(5) The copyright owner must register the work within three months after its first transmission.

17 U.S.C.A. §§ 411(b)(1)-(2), 412; 37 C.F.R. § 201.22.

An Advance Notice of Potential Infringement is a notice which, if served in accordance with § 411(b) and in accordance with the provisions of 37 C.F.R. § 201.22, enables a copyright owner to institute an action for copyright infringement either before or after the first fixation of a work consisting of sounds, images, or both that is first fixed simultaneously with its transmission. Thus, in certain limited circumstances, copyright owners may assert claims for full remedies under the Act for copyright infringement, provided registration for the work is made within three months after its first transmission. 37 C.F.R. § 201.22 (a)(1).

7

The Court denied Plaintiff's Motion for Partial Summary Judgment on the issue of Plaintiff's entitlement to statutory damages under § 411(b) because Plaintiff failed to establish how and when the works were fixated or transmitted and that he had complied with § 411(b)'s notice requirements. Plaintiff's Motion *in Limine* does nothing to remedy the defects in his Motion for Partial Summary Judgment. Again, during his deposition, Plaintiff could not provide any information about how any of the 2006 broadcasts were fixated or transmitted or whether he gave the Defendants notice identifying the works and indicating his intent to secure a copyright in them. He was unable to recall how they were prepared or the date on which they were broadcast. Ex. A, p. 128:10-24, 129:1; 125:19-23, 126:1-8. Significantly, he was unable to testify whether the news reports were made live versus pre-recorded. *Id.* at 134:10-24, 135:3-7, 86:17 - 89:16. In view of Plaintiff's deposition testimony, it is not difficult to understand why Plaintiff has argued in his opposition to Defendants' motion to take additional deposition testimony that ". . . Section 411(b) of the Copyright Act is not at issue as to those works which are the subject of the Motion *in Limine*." *See* P.'s Resp., p. 3, docket no. 90.[4]

### ii. Plaintiff's reports do not qualify as "addresses" exempt from the registration requirement.

Plaintiff misleadingly suggests that the six unidentified news reports that he deposited with the Copyright Office constitute "addresses," as contemplated by 37 C.F.R. § 202.19(c)(3), and are exempt from the strict registration deposit requirements of § 407 of the Copyright Act. Unfortunately for Plaintiff, neither § 202.19 nor § 407 are applicable to Plaintiff's works

---

[4] Even though Plaintiff's Motion *in Limine* may be deficient, Defendants are seeking additional deposition testimony from the Plaintiff so that they may establish that the Plaintiff is not entitled to statutory damages for any of the alleged infringements as a matter of law. *See* Defendants' Motion to Stay Briefing of Plaintiff's Motion in Limine Regarding the Registration of Plaintiff's Works and Motion for Leave to Take Additional Deposition Testimony from Plaintiff and Reply in Support of the Motion, respectively docket nos. 85, 92.

because, by his own admission, such works were first published outside of the United States.[5] Rather, § 408 and *not* § 407 governs the deposit requirements of works "first published outside the United States." 17 USC § 408(a)(3). In fact, § 202.19(a) expressly provides that "[t]he provisions of this section are *not* applicable to the deposit of copies and phonorecords for purposes of copyright registration under section 408 of title 17, except as expressly adopted in § 202.20 of these regulations." 37 C.F.R. § 202.19(a) (*emphasis added*). Moreover, § 202.20 does not provide any similar exemption from registration for "[l]ectures, sermons, speeches, and addresses" first published outside of the United States.

For works first published outside the United States, at least one "complete copy or phonorecord" must be deposited along with an application and fee payment. 17 U.S.C. § 408(b). "A complete copy or phonorecord" means the following: ". . . <u>all elements</u> comprising the applicable unit of publication of the work, including elements that, if considered separately, would not be copyrightable subject matter." 37 C.F.R. § 202.20(b)(2)(ii) (for published works, *emphasis added*). This regulation further states that ". . . in the case of published sound recordings a 'complete phonorecord' has the meaning set for in §202.19(b)(2)" which provides as follows: "(a) complete copy includes all elements comprising the unit of publication of the best edition of the work, including elements that, if considered separately, would not be copyrightable subject matter . . ." 37 C.F.R. § 202.20(b)(2)(v). Thus, even if the Plaintiff were

---

[5] Plaintiff testified that all of the news reports completed for Radio ZET were prepared overseas, primarily in Brussels, Belgium, as well as in Luxembourg, Rome and Strasbourg. *See* Ex. A, p. 57:16-24, 58:1-4. He also recalls recording the reports to minidisk and submitting them to Radio ZET for broadcast as part of their news programs. *Id.* at p. 60:8-16, 123:1-16. Plaintiff always concluded his reports with the identifying statement "From Brussels, Rafal Rudnicki, Radio ZET." *Id.* at p. 62:12-16. It is clear that to the extent these reports were ever published they were first published overseas.

able to legitimately characterize his six news reports as lectures, sermons, speeches or addresses, he cannot meet the statutory requirements of § 408.

### C. Plaintiff Presents No Evidence of a "Confirmed" Exemption and Claimants Seeking Exemptions from the Deposit Requirement Must Do So in Writing

Plaintiff attempts to bolster his theory that the representative deposit covers all of his works by recalling a conversation with a Copyright Office employee who supposedly informed him that ". . . his copyright would be perfected for all of his 2006 works" if he deposited "examples" of his works. *See* P.'s Motion, p. 5. The language of the Copyright Act obviously controls the issue and is not trumped by the rank hearsay statement Plaintiff recites. Plaintiff further undermines his credibility by selectively citing 37 U.S.C. § 202.19(e)(1)(i-iv) in support of the statement of law that the Copyright Office can exempt published phonorecords from its deposit requirement while failing to cite 37 U.S.C. § 202.19(e)(3) which requires that any such requests for ". . . special relief under this paragraph [(e) "Special relief"] shall be made in writing to the Chief, Examining Division, shall be signed by or on behalf of the owner of copyright . . . and shall set forth specific reasons why the request should be granted." 37 U.S.C. § 202.19(e).

Finally, Plaintiff's citation to *National Conference of Bar Examiners v. Multistate Legal Studies, Inc.*, 692 F. 2d 478, 483 (7th Cir.1982) in section II.C. of the Motion is not persuasive because that case involved a special statutory exception for "secure tests" as defined by 37 C.F.R. § 202.20(b)(4) and 37 C.F.R. § 202.20(c)(2)(vi). Unlike the party defending its limited deposit in that case, i.e., the National Conference of Bar Examiners, Plaintiff has no such statutory exception upon which to rely.

10

### D. Plaintiff Fails To Establish A Right To Seek Statutory Damages Under Section 412(2)

With respect to any pre-recorded and/or written news reports outside of the scope of § 411(b), § 412(2) provides that "*no* award of statutory damages or of attorney's fees . . . shall be made for . . . any infringement of copyright commenced after first publication of the work and before the effective date of its registration, unless such registration is made within *three months* after the first publication of the work." 17 U.S.C. § 412 (emphasis added). Plaintiff's Motion fails to establish in any respect: (1) when he first published the materials deposited with the Office; or (2) when the Defendants broadcast those deposited materials without permission. The simple transmission of a news report may not constitute "publication" of the report and determining the date of publication is critical in cases such as this one. *See NBC Subsidiary v. Broadcast Information Services*, *Inc.*, 717 F. Supp. 1449, 1451 (D.Colo. 1988) (holding that a news broadcaster was not entitled to statutory damages in part because Plaintiff did not provide specific facts that would establish publication at trial); *Innovative Networks, Inc. v. Young*, 978 F. Supp. 167, 175 (S.D.N.Y. 1997) (holding that Plaintiff's failure to register the work at issue within 3 months of publication made statutory damages inappropriate). Because Plaintiff has failed to adduce information critical to the analysis of whether any statutory provison might apply, his motion should be denied.

**IV. CONCLUSION**

  For the foregoing reasons, Defendants Alliance Communications, Inc. and Polish National Alliance of the United States of North America, respectfully request that this Court deny Plaintiff's motion *in Limine*.

                Respectfully submitted,

                ALLIANCE COMMUNICATIONS, INC.
                AND POLISH NATIONAL ALLIANCE OF
                THE UNITED STATES OF NORTH AMERICA

          By:  s/ Steven P. Mandell

Steven P. Mandell (ARDC 6183729)
John D. Fitzpatrick (ARDC 6277475)
**Mandell Menkes LLC**
333 West Wacker Drive
Suite 300
Chicago, Illinois 60606
(312) 251-1000

## CERTIFICATE OF SERVICE

The undersigned, an attorney, certifies that a copy of *Alliance Communications and PNA's Response to Plantiff's Motion In Limine* was served on:

Nancy J. Gleason
Lukasz R. Cholodecki
**Gleason & Schroeder**
4653 N. Milwaukee Ave.
Chicago, Illinois 60630

via the electronic filing system on this 25th day of September, 2007.

_/s/ Steven P. Mandell_