IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| RAFAL RUDNICKI, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| -v- | ) | Case Number: 04 C 5719 |
| | ) | |
| WPNA 1490 AM, ALLIANCE | ) | Judge Moran |
| COMMUNICATIONS, INC., POLISH | ) | Magistrate Judge Nolan |
| NATIONAL ALLIANCE OF THE | ) | |
| UNITED STATES OF NORTH AMERICA, | ) | |
| SLAWOMIR BIELAWIEC and | ) | |
| WALDERMAR LADA, | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF'S REPLY TO DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION *IN LIMINE* TO PRECLUDE THE DEFENDANTS FROM ARGUING NON-REGISTRATION OF PLAINTIFF'S WORKS**

NOW COMES the plaintiff, Rafal Rudnicki, (hereinafter "Rudnicki") by and through his attorneys, The Gleason Law Group, PC and for his Reply to Defendants' Response to his Motion *in Limine* to preclude the Defendants from arguing that certain of Plaintiff's works are not duly registered, states as follows:

## I. INTRODUCTION

The purpose of Defendants' Reply is clearly to obfuscate the simple prayer of the Plaintiff's motion in limine regarding the registration with the United States Copyright Office of Plaintiff's 2006 radio addresses. The Plaintiff's motion *in limine* was clearly and purposefully limited to the 2006 radio addresses and did not include the Plaintiff's 2004 works which were infringed upon by the Defendants in earlier broadcasts. Defendants' references to the 2004 works are distractions and offered in complete disregard of the scope of the Plaintiff's motion which is framed at page 1, paragraph of the motion as follows:

> For purposes of this motion *in limine*, these works include *all broadcasts which post-date the Certificate's effective date of September 5, 2006[1] as well as those works which pre-date the Certificate's effective date by ninety (90) days*.[2]

Nor, as Defendants' Response suggests, does Plaintiff's motion seek to preclude the Defendants from arguing that their unauthorized broadcasts of the Plaintiff's addresses occurred before the effective date of the registration of the works. It is Defendants' option as well as their burden to demonstrate that the registration does not serve to protect the work in the medium or timeframe in which the Defendants' broadcasted the addresses.

By the same token if the motion is granted, Plaintiff will not, be estopped from arguing that it was an unnecessary exercise for the Plaintiff to have registered his foreign works in order to qualify for the statutory damages. It remains Plaintiff's position that his addresses, because they are foreign works are exempted by 17 U.S.C. § 411(b) from the registration requirement for purposes of statutory damages. But this is not at issue in the motion and it has no impact on the motion in limine. Defendants' statements concerning Plaintiff's "abandonment" of this contention is specious and requires no further comment.

Plaintiff's motion seeks only to limit the Defendants from disputing the fact that the Plaintiff registered his 2006 radio addresses with the United States Copyright Office as is verified by the Certificate of Registration dated September 5, 2006 and which was attached as Exhibit A to Plaintiff's motion. Defendants may thereafter choose to argue the scope and extent of protection granted by the registration.

The motion is not seeking a finding that registration of the reports which were aired by the Defendants occurred prior to the broadcast. Instead, the motion is seeking only to preclude

---

[1] Plaintiff has presented evidence that Defendants aired the Plaintiff's works at least through October of 2006.
[2] 17 U.S.C §411 (b) provides ninety day retroactive protection from the date of initial transmission for audio works whose fixation was simultaneous with its transmission, while 17 U.S.C. §412 (2) allows for statutory damages and attorneys fees if "registration is made within three months after the first publication of the work."

2

the Defendants from arguing that the Plaintiff's 2006 works were not registered on September 5, 2006.

## II.  17 U.S.C. § 411(b) IS NOT AT ISSUE AND THE COURT'S DENIAL OF PLAINTIFF'S PRIOR MOTION FOR SUMMARY JUDGMENT IS IRRELEVANT TO THE INSTANT MOTION

Defendants' citation to this Court's prior written opinion denying Plaintiff's motion for summary judgment as support for its opposition to the motion in limine is just another attempt to paint the Plaintiff's motion as something that it is not.  Plaintiff's motion in limine is not, as was his motion for summary judgment, premised on the applicability and interpretation of 17 U.S.C. § 411(b).  Since the motion in limine has nothing to do with the issue presented in the motion for summary judgment, the current filing would not cure any perceived defect which precluded entry of summary judgment.

While Defendants endeavor to muddy the waters with the reference to that provision of the statute which grants copyright protection for live broadcasts, which are *not registered* at the time of broadcast, the fact is that 17 U.S.C. § 411(b) is not at issue in the motion in limine because the Plaintiff's 2006 works *were registered*, therefore there is no need to invoke § 411(b) for the 2006 works.

## III.  PLAINTIFF'S MOTION DOES NOT SEEK A FINDING OF FACT THAT THE INFRINGEMENTS OCCURRED BEFORE OR AFTER THE EFFECTIVE DATE OF REGISTRATION

Defendants argue that Plaintiff cannot show that Defendants' airing of the Plaintiff's work occurred after the effective date of the registration.  Once again, the motion in limine does *not* pray for such a finding.  The timing of the broadcast, vis-à-vis the date of registration, is a factual question that is easily discerned from the Defendants' own tapes of their broadcasts which post date the effective date of the registration of Plaintiff's radio addresses.

## IV. DEFENDANTS CITE NO AUTHORITY FOR THEIR PROPOSITION THAT THE PLAINTIFF'S RADIO ADDRESSES ARE NOT "ADDRESSES"

Defendant fails to state any legal or factual reasoning as to why the radio addresses of the Plaintiff do not constitute "addresses" as contemplated by 37 C.F.R. § 202.19(c)(3). Defendants merely assert that they do not consider the Plaintiff's radio addresses to be "addresses." Failing to articulate any basis for their conclusion that Rudnicki's radio addresses would not fall under 37 C.F.R. § 202.19(c)(3) is inadequate for purposes of challenging Plaintiff's motion in limine regarding the fact of registration. Defendants provide no basis to invalidate the registration which was duly accepted and registered by the United States Copyright Office.

## V. THERE IS NO SUPPORT FOR DEFENDANTS' INTERPRETATION OF § 407 AND § 408

17 USC § 407 of the United States Copyright act governs the deposit of copies or phonorecords for the Library of Congress, while 17 USC § 408 extends the right to obtain registration to any owner of copyright or of any exclusive right in the work by delivering to the Copyright Office the deposit specified. 17 USC § 408 also incorporates 17 USC § 407 specifically:

> Copies or phonorecords deposited for the Library of Congress under section 407 may be used to satisfy the deposit provisions of this section. *See* 17 USC § 408(b).

Indeed, Plaintiffs works would also specifically fall under section (e) of 17 USC § 407 which states that:

> With respect to transmission programs that have been fixed and transmitted to the public in the United States but have not been published, the Register of Copyrights shall, after consulting with the Librarian of Congress and other interested organizations and officials, establish regulations governing the acquisition, through deposit or otherwise, of copies or phonorecords of such programs for the collections of the Library of Congress.

4

Plaintiffs works were published in Poland and thereafter were fixed and transmitted by the infringing Defendants, but not published, in the United States.

The United States Copyright Act was explicitly amended under The Berne Convention Implementation Act of 1988 to make sure that owners of foreign copyrights have equal access to the same remedies United States works are entitled to. The Berne Convention specifically prohibits treating works from local origin differently from works of foreign origin. In the legislative history of the Berne Convention, Congress notes that "[t]he only real difference ... that makes the U.S. law incompatible with the Berne Convention consists in the notice and registration requirements." *See* S. REP. NO. 100-352 at 13-14, 45-46; *see* Berne Convention, Pub.L. 100-568 § 9. The Berne Convention was expressly intended to eliminate the provisions of the Copyright Act that were incompatible with Article 5(2) of the Berne Convention. *See id.* Yet, the opposite is exactly what Defendants would like this Court to believe. 17 USC § 407 mandates that works published in the United States be registered, and sets forth the type of deposit required and the exemptions available. It does not limit foreign copyright holders from also registering and depositing their works. Similarly, works published in Berne Convention signatory countries are entitled to the same deposit exemptions available for works published in the United States. Defendants cite no case law that would uphold their contrary interpretation.

Section 408 does not, as Defendants claim, solely govern the deposit requirements of "works first published outside the United States." *See* Defendants Reply pg.9, par. 1. 17 USC § 408 does govern the deposit requirements of works *not* registered under section 407. Indeed, the regulations set forth in 37 C.F.R. § 202.19, which Defendants claim do not encompass works first published outside the United States, grant deposit exemptions for "Works first published

5

outside the United States and later published in the United States without change in copyrightable content". 37 C.F.R. § 202.19 (c)(10)(i).

## VI.  SCOPE OF DEPOSIT IS DETERMINED BY REGISTER

37 U.S.C. § 202.19(e)(1)(i-iv) is illustrative of the fact that the Register of Copyrights *can* exempt published phonorecords from its deposit requirements.  Defendants' citation to 37 U.S.C § 202.19(e)(3) merely outlines the method by which a party should seek special relief.  Likewise, nowhere do the regulations require that a written request be made for the Register of Copyrights to grant special relief if it is not requested.  Nor does any language in the Act prohibit the Register of Copyrights from granting exemptions from the deposit requirements if it does not receive a written request.  The Register of Copyrights did exempt Plaintiff from depositing every 2006 radio address by granting him a certificate of registration for all of his 2006 radio addresses consisting of News Reports.  Whether the Register of Copyrights based the exemption under § 202.19(a), or whether the exemption was made without Plaintiffs formal written request by granting a blanket registration for all of his 2006 addresses is beside the point.  The Register of Copyrights could have denied or limited Plaintiffs registration deeming the deposit to be unsatisfactory:

> If the Register of Copyrights determines that, in accordance with the provisions of this title, the material deposited does not constitute copyrightable subject matter or that the claim is invalid for any other reason, the Register shall refuse registration and shall notify the applicant in writing of the reasons for such refusal. *see* 17 USC § 410(b)

But the Register of Copyrights did accept Plaintiffs material and issued a certificate of registration covering all of Plaintiffs 2006 News Reports, and 17 USC § 410(c) states:

> In any judicial proceedings the certificate of a registration made before or within five years after first publication of the work shall constitute *prima facie* evidence of the validity of the copyright and of the facts stated in the certificate.

6

The evidentiary weight to be accorded the certificate of a registration made thereafter shall be within the discretion of the court.

The Register of Copyrights did exactly what the court in National Conference of Bar Examiners v. MultistateLegal Studies, Inc.. 692 F2d 478, 483 (1982), noted that it could:

> The Register of Copyrights is authorized to specify by regulations the administrative classes into which works are to be placed for purposes of deposit and registration, and the nature of the copies or phonorecords to be deposited in the various classes specified. The regulations may require or permit, for particular classes, the deposit of identifying material instead of copies or phonorecords, the deposit of only one copy or phonorecord where two would normally be required, or a single registration for a group of related works.

## CONCLUSION

Wherefore, the Plaintiff, Rafal Rudnicki moves this Court to enter an Order finding that his radio addresses titled "News Reports and Analysis of Rafal Rudnicki" for the 2006 year are duly registered and that the Defendants are prohibited from referring to those works as unregistered or as excluded from the Certificate of Registration issued by the Register of Copyrights of the United States of America dated September 5, 2006.

Respectfully submitted,

By: s/Nancy J. Gleason

THE GLEASON LAW GROUP, PC
Nancy J. Gleason
Bar No.: 0969397
4653 North Milwaukee Avenue
Chicago, IL 60630
Telephone: (773) 282-6500
Facsimile: (773) 282-4011
E-mail: njg@gleasonlaw.us

7