**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

| | | |
|---|---|---|
| RAFAL RUDNICKI | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case Number:  04 C 5719 |
| v. | ) | |
| | ) | Judge James B. Moran |
| WPNA 1490 AM, ALLIANCE | ) | |
| COMMUNICATIONS, INC., | ) | Magistrate Judge Nolan |
| POLISH NATIONAL ALLIANCE OF | ) | |
| THE UNITED STATES OF | ) | |
| NORTH AMERICA, | ) | |
| SLAWOMIR BIELAWIEC and | ) | |
| WALDERMAR LADA, | ) | |
| | ) | |
| Defendants. | ) | |

**ALLIANCE COMMUNICATIONS AND PNA'S**
**SURREPLY TO PLAINTIFF'S MOTION *IN LIMINE***

**I.      Introduction**

Defendants respectfully submit that Plaintiff's Motion *in Limine* seeks a ruling far more expansive that the one summarized by the Court: "Plaintiff just wants to know if defendants believe he has followed the right procedures and, if not, what they think he needs to do."  See Memo. Opinion and Order, docket no. 98.  Plaintiff's motion actually muddles the various mechanical registration requirements of the Copyright Act in order to invent a basis for Plaintiff to pursue statutory damages.

This Court previously recognized that "[t]he copyright registration procedures are, apparently, many and varied." *Id.*   Yet, a careful examination of these procedures in light of what materials Plaintiff deposited with the Register of Copyrights reveals that Plaintiff did not comply with any procedure to register any reports other than those reports actually deposited with the Register of Copyrights.  Plaintiff asks the Court to radically

expand the scope of his copyright registration by deciding that because Plaintiff registered recordings of six unidentified news broadcasts with the Copyright Office in 2006, he effectively registered any and all other news reports he completed either after the date of that registration or three months before it. No provision of the Copyright Act justifies such a ruling.

## II.     Burden of Proof

The Court previously denied Plaintiff's motion for a partial summary judgment that he is entitled to seek statutory damages for infringement of his alleged 2004 copyrights. In his motion in *limine*, Plaintiff seeks the same relief. Only now, Plaintiff casts his request in the negative; he seeks an order precluding the Defendants from arguing that he is not entitled to statutory damages because he did not properly register the 2006 news reports. This strategy has lead the Court to ask Defendants to further explain how Plaintiff's registration is faulty and "what they think he needs to do" to correct it. See Memo. Opinion and Order, docket no. 98, p. 2. Defendants continue to emphasize that evidence is properly excluded on a motion *in limine* only if the movant establishes that the evidence is not admissible for any purpose. *Hawthorne Partners v. AT & T Technologies*, 831 F.Supp. 1398, 1400 (N.D.Ill.1993). Plaintiff cannot describe what he deposited with the Copyright Office or establish that the Defendants ever broadcast what he deposited so, instead, he argues that whatever he deposited effectively registered whatever he created thereafter. Such a ruling would undercut the registration rules of the Copyright Act without streamlining the litigation.[1] Thus, because Plaintiff cannot

---

[1] Defendants refer the Court to their Response brief which, *inter alia*, challenged Plaintiff's attachment of an unsigned Affidavit to his motion and noted Defendants' objection to the hearsay summary of Plaintiff's communications with the U.S. Copyright Office. Docket no. 94, p. 2, 10. Plaintiff did not address either of these evidentiary problems in his Reply (filed without leave of

demonstrate that his theory of a catch-all copyright registration is correct (*i.e.* that

depositing 6 news reports registers any news report completed by Plaintiff three months

before the registration or indefinitely thereafter), Plaintiff's Motion must be denied.

## III.     Argument

###      A.      Plaintiff's Certificate of Registration Does Not Cover Reports Other Than the Reports Actually Deposited with the United States Copyright Office

Plaintiff admits in his Reply that "Plaintiffs (*sic*) works were published in Poland .

. . but [were] not published in the United States." Docket no. 95, p. 5. For works first

published outside the United States, § 408 of the Copyright Act requires that at least one

"complete copy or phonorecord" must be deposited along with an application and fee

payment. 17 U.S.C. § 408(b); see also 2 Pat. L. Fundamentals § 6:116 (2d ed.) ("Where

deposit is made solely for the purpose of copyright registration . . . one complete copy or

phonorecord of the best edition of the work must be submitted if the work was first

published outside of the United States . . .); *Burns v. Rockwood Distributing Co.*, 481

F.Supp. 841, 846 (D.C.Ill., 1979) ("Chapter 4 of the Copyright Act, 17 U.S.C. s 401 *et*

*seq.*, sets out the procedures for copyright registration, which include the deposit of

copies of the work to be copyrighted.")

A "complete copy or phonorecord" means the following: ". . . all elements

comprising the applicable unit of publication of the work, including elements that, if

considered separately, would not be copyrightable subject matter." 37 C.F.R. §

202.20(b)(2)(ii) (for published works, *emphasis added*). This regulation further states

that ". . . in the case of published sound recordings a 'complete phonorecord' has the

Court on October 12, 2007, seven days beyond the October 5, 2007 deadline established by the Court's September 11, 2007 Order).

meaning set for in §202.19(b)(2)" which provides as follows: "(a) complete copy

includes all elements comprising the unit of publication of the best edition of the work,

including elements that, if considered separately, would not be copyrightable subject

matter . . ." 37 C.F.R. § 202.20(b)(2)(v). Plaintiff cannot rely on the registration

provisions of § 408 because he did not deposit at least "one complete copy" of each of

the allegedly infringed 2006 broadcasts.

Plaintiff mistakenly argues that the unambiguous registration requirements of §

408 are somehow superseded by § 407. See Reply, Docket no. 95, p. 5 ("17 USC § 408

does govern the deposit requirements of works *not* registered under section 407"). As

appears more fully below, this position mischaracterizes the purpose of deposits with the

Library of Congress which has everything to do with ensuring that the Library of

Congress contains copies of copyrighted works and nothing to do with fulfilling

copyright registration requirements.

**B.      17 U.S.C. § 407 Governs Deposits for Purposes of Use by the Library
of Congress And Does Not Address Registration Requirements**

Section 407 is entitled "Deposit of copies or phonorecords for Library of

Congress" and provides that the ". . . owner of copyright or of the exclusive right of

publication in a work published in the United States shall deposit. . ." his or her work in

the Copyright Office "for the use or disposition of the Library of Congress." 17 U.S.C. §

407(a)-(b). The primary purpose of the § 407 deposit requirement ". . . is to promote the

arts and sciences for the public good, not to grant an economic benefit to authors and

inventors." *Ladd v. Law & Technology Press*, 762 F.2d 809, 812 (9th Cir. 1985); citing

*Sony Corp. of America v. Universal City Studios, Inc.,* 464 U.S. 417, 429 (1984);

*Zacchini v. Scripps-Howard Broadcasting Co.,* 433 U.S. 562, 576-77 (1977). In fact, the

regulations promulgated under § 407 expressly state ". . . <u>the provisions of this section</u> <u>are not applicable to the deposit of copies and phonorecords for purposes of copyright</u> <u>registration under section 408</u> of title 17, except as expressly adopted in § 202.20 of these regulations." 37 C.F.R. § 202.19 (*emphasis added*). But § 202.20 does not adopt any provision of § 202.19 in any respect pertinent to this dispute. The Court should reject Plaintiff's effort to shoehorn his works into the § 202.19(c)(3) exception for "[l]ectures, sermons, speeches and addresses" because § 202.20 does not adopt § 202.19(c)(3) as an exemption from the deposit requirements applicable to copyright registration. See § 202.20(b)(2)(ii)(A) (applying deposit requirement to § 202.19(c)(3) works).

Plaintiff tries to evade the registration requirements of § 408 by relying on one of the § 407 regulations -- 37 C.F.R. § 202.19(c)(10) -- which grants a deposit exemption for works first published outside of the United States. In 37 C.F.R. § 202.19(c)(10)(i), Congress did exempt "works first published outside the United States and later published in the United States" from the § 407(a) *Library of Congress deposit requirement*, but only **if**: "(i) Registration for the work was made under 17 U.S.C. 408 before the work was published in the United States; or (ii) Registration for the work was made under 17 U.S.C. 408 after the work was published in the United States but before a demand for deposit was made under 17 U.S.C. 407(d)." 37 C.F.R. § 202.19(c)(10)(i) – (ii). Thus, the exemption relates only to the Library of Congress deposit requirement and not the registration requirement. Had the Plaintiff accurately cited to subparts (i) and (ii) of 37 C.F.R. § 202.19(c)(10), he would have had to concede that registration under § 408 is still a prerequisite to the Library of Congress deposit exemption. Remarkably, § 202.19(c)(10) is cited in a paragraph in which Plaintiff argues "Section 408 does not, as

5

Defendants claim, solely govern the deposit requirements" of foreign published works even though the cited exemption defers to Section 408.

### C.       Plaintiff Failed to Meet the Deposit Requirements of 17 U.S.C. § 408

Whether or not each of the twenty-seven "2006" news reports at issue in the Second Amended Complaint constitutes a work that, standing alone, would be eligible for registration with the U.S. Copyright Office, the Plaintiff included only 6 separate news reports in his 2006 deposit with the Copyright Office and did not "pre-register" any other materials.  Plaintiff's deposit may have proven sufficient for the examiner to register the 6 reports deposited but that registration does not confer registration on every report at issue in the Second Amended Complaint.  Plaintiff may have desired to register every news report he ever completed but he deposited only six.

The principle that one must deposit what one wishes to register is supported by a number of decisions.  In *Geoscan, Inc. of Texas v. Geotrace Technologies, Inc.*, 226 F.3d 387, 393 (5th Cir. 2000) the Fifth Circuit held that because a copyright applicant deposited later versions of its software source code with the Copyright Office rather than the original source codes, the statutory formalities necessary for copyright registration were not fulfilled and the company did not possess "ownership" in the original version of its software for the purposes of a copyright infringement claim.  Likewise, claims of copyright infringement filed by two comedic writers against various defendants over a perceived infringement of their works by Saturday Night Live were limited to the scripts the plaintiffs deposited with the Copyright Office, as opposed to audition tapes the defendants acknowledged receiving.  *E.J. Novak v. National Broadcasting Co., Inc.*, 716 F. Supp. 745, 750 (S.D.N.Y. 1989); see also *Kay Berry, Inc. v. Taylor Gifts, Inc.*, 421 F.

3d 199, 204 (3rd Cir. 2005) ("[408(c)] plainly does not grant to all copyright applicants a general right to register a group of works under a single registration.") Although these cases involved registration as a prerequisite to prosecuting an infringement claim as opposed to a claim for statutory damages, the lesson remains that a complete deposit as prescribed by 17 U.S.C. § 408 is an indispensable element of a valid registration.

Plaintiff should concede that he deposited a very small number of reports and that the Registration is limited to those reports only. Because Plaintiff's motion fails to establish a statutory basis upon which reports other than those actually deposited by Plaintiff are covered by the Certificate of Registration, his motion should be denied.

**IV. Conclusion**

For the foregoing reasons, Defendants Alliance Communications, Inc. and Polish National Alliance of the United States of North America, respectfully request that this Court deny Plaintiff's Motion *in Limine*.

Respectfully submitted,

ALLIANCE COMMUNICATIONS, INC.
AND POLISH NATIONAL ALLIANCE OF
THE UNITED STATES OF NORTH AMERICA

By: s/ Steven P. Mandell

Steven P. Mandell, *ARDC #6183729*
John D. Fitzpatrick, *ARDC#6277475*
**Mandell Menkes LLC**
333 West Wacker Drive
Suite 300
Chicago, Illinois 60606
(312) 251-1000