IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| RAFAL RUDNICKI, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 04 C 5719 |
| | ) | |
| WPNA 1490 AM, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

In this suit, plaintiff claims that defendants infringed copyrights on various radio addresses. Plaintiff moved *in limine* "to preclude the defendants from arguing non-registration of plaintiff's works," and defendants responded that they cannot answer the motion without first taking plaintiff's deposition. But we determined that plaintiff's motion was limited in scope and did not require a deposition for resolution, so we instead asked the parties to respond to the limited question of whether plaintiff followed the right procedures to register his copyrights in the September 5, 2006, application, and, if he did not, to identify the deficiencies in the application. Defendants have responded to our request. Plaintiff has declined to do so. We are perplexed by plaintiff's failure to respond, but nonetheless, we now resolve the motion.

## BACKGROUND

Initially, this suit claimed infringements on certain radio broadcasts in 2004. Plaintiff earlier moved for summary judgment on the issue of whether he was able to seek statutory damages and attorney's fees even though the 2004 works were not registered. We denied that motion because plaintiff failed to conclusively show that he fulfilled the requirements for statutory damages and attorney's fees for unregistered works found in 17 U.S.C. § 411(b), namely that the first fixation of his broadcasts was made simultaneously with transmission and

that he served notice on defendants more than 48 hours before fixation.

Plaintiff subsequently amended the complaint to allege infringements on a number of broadcasts in 2006. Now, rather than argue that his broadcasts fall under one of the exceptions to the registration requirement, as he did in the earlier motion for partial summary judgment, plaintiff argues that the identified 2006 broadcasts were registered when he submitted an application for registration on September 5, 2006. He includes with the motion a copy of the certificate of registration dated September 5, 2006.

## ANALYSIS

We first examine whether a motion *in limine* is the appropriate method for the relief plaintiff seeks. Defendants contend that evidence is properly excluded on a motion *in limine* only if the movant establishes that the evidence is not admissible for any purpose. Such a broad statement ignores this court's power under Federal Rule of Evidence 403 to exclude relevant evidence "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Such a rule is by its nature most effective when it is applied before trial begins. *See* United States v. Warner, 506 F.3d 517, 522-23 (7th Cir. 2007). Plaintiff is not specific as to what ground he believes the evidence should be excluded, but we see a non-frivolous argument that the registration issue would confuse the ultimate issue of infringement, and that a pretrial ruling would conserve judicial resources.

We turn next to the registration issue. Copyright protection is relatively easy to obtain. All that is required "is 'some minimal degree of creativity,' or 'the existence of . . . intellectual production, of thought, and conception.'" JCW Investments, Inc. v. Novelty, Inc., 482 F.3d 910, 914 (7th Cir. 2007) (quoting Feist Publications, Inc. v. Rural Telephone Service Co., Inc., 499 U.S. 340, 361 (1991) (additional citations omitted)). Generally, copyright protection

attaches at the moment of creation of "original works of authorship fixed in any tangible medium of expression," including sound recordings. 17 U.S.C. § 102(a); JCW Investments, Inc., 482 F.3d at 914. However, to bring a lawsuit for copyright infringement there are additional requirements. For works first published in the United States, the copyright holder must show that the copyright was registered with the Register of Copyrights. 17 U.S.C. § 411(a); Automation By Design, Inc. v. Raybestos Products Co., 463 F.3d 749, 752 n.1 (7th Cir. 2006). Works first published outside the United States, like plaintiff's broadcasts, are exempt from the registration requirement, § 411(a), unless the copyright holder seeks statutory damages and attorney's fees. See Rudnicki v. WPNA 1490 AM Alliance Communications, Inc., 2006 WL 59368 at *1 (N.D. Ill. Jan. 4, 2006); see also 2 Melville B. Nimmer & David Nimmer, Nimmer on Copyright § 7.16[B][1][c], p. 7-168. Because plaintiff seeks statutory damages and attorney's fees in this case, he seeks to settle the issue of registration prior to trial.

Plaintiff contends that the certificate of registration he has provided demonstrates compliance with the registration requirement. But the question before the court now is what works were registered as part of that application. When plaintiff submitted the application to the Register, he included six broadcasts as a representative sample of his work. He contends the application registered any broadcasts within 90 days prior to the date of the application, and all broadcasts after the application was filed. Defendants contend that the application only registered the six broadcasts that were submitted with the application. The certificate itself is of no assistance because it states only that it covers "News Reports And Analysis Of Rafal Rudnicki," but it lists no dates. Accordingly, we must look to the statutes.

The registration of copyrights is governed by Title 17, Section 408 of the United States Code. Plaintiff's broadcasts were all first published outside the United States. Section 408(b)(3) establishes the general rule that for works first published outside the United States,

at least "one complete copy or phonorecord" must be deposited along with the application and fee for registration. Plaintiff readily admits that he has not submitted a complete copy of each broadcast. Instead, he submitted a representative sample of his broadcasts. In order for the registration to apply to all the 2006 broadcasts he lists, the application must fall within an exception to the general rule as laid out in § 408(b)(3).

Plaintiff contends that his broadcasts are categorized as "addresses" and that the necessary exception is found in 37 C.F.R. § 202.19(c)(3).[1] His argument confuses two separate concepts of copyright law. Section 407 of Title 17 of the United States Code requires the holder of every copyright for works published in the United States to deposit two complete copies of the underlying work with the Register of Copyrights for the use of the Library of Congress. *See* 17 U.S.C. § 407(a), (b). This mandatory deposit requirement is separate from the registration-deposit requirement found in § 408. *See, generally,* Ladd v. Law & Technology Press, 762 F.2d 809, 812-14 (9th Cir. 1985) (recounting the historical development of the two separate deposit requirements). Mandatory deposit furthers a public function by "provid[ing] the Library of Congress *via* the Copyright Office with copies and phonorecords of all works published within the United States." *Nimmer on Copyright* §7.17[A], pp. 7-190.3–90.4. The registration-deposit requirement is a private action that "create[s] a written record of the copyright ownership in a work." *Id.* §7.17[A], p.7-190.4. To that end, entire categories of material may be exempted by regulation from the mandatory deposit requirement, but the same is not true for the registration-deposit requirement. *Id.* at § 7.17[E][2][b], p.7-196. The regulation plaintiff purports to rely on is just such an exemption. But 37 C.F.R. § 202.19 is clear that the listed exemptions apply only to the mandatory deposit requirement and not to the registration-deposit

---

[1] The parties disagree as to whether plaintiff's broadcasts can be categorized as addresses under the regulations. In light of our determination that addresses first-published outside the United States are not exempt from the deposit requirements accompanying registration, we need not answer this question.

requirement. *See* 37 C.F.R. § 202.19(a) ("The provisions of this section are not applicable to the deposit of copies and phonorecords for purposes of copyright registration under section 408 of title 17, except as expressly adopted in § 202.20 of these regulations.")

Plaintiff ignores the limiting language found in § 202.19(a) and, instead, argues that because in certain instances the same deposit can be used to fulfill both the mandatory deposit and registration-deposit requirements (*see* 17 U.S.C. § 408(b)), then the exceptions to the mandatory deposit requirement necessarily apply to the registration-deposit as well. This is faulty logic. The pertinent language in § 408(b) reads, "Copies of phonorecords deposited for the Library of Congress under section 407 may be used to satisfy the deposit provisions of this section." Plaintiff would have us interpret § 408(b) to adopt the requirements of § 407 in such a manner that the § 407 requirements trump any inconsistent requirements found in § 408. Such a reading would render meaningless the more stringent requirements laid out in § 408. We cannot read the selected passage as obviating the requirements found under § 408 in favor of those found in § 407. We believe a more accurate reading of the passage in § 408(b) is simply as an administrative provision – if the copies submitted for the Library of Congress under § 407 also independently fulfill the deposit requirements found in § 408, the copies submitted under § 407 may be deemed as accompanying the application submitted under § 408.

In light of our interpretation of the exceptions found in 37 C.F.R. § 202.19, plaintiff's argument, based upon the addresses exception found in § 202.19(c)(3), fails. Further, because § 202.20 has no corresponding section exempting addresses from the registration deposit requirement, plaintiff was required to deposit one complete copy or phonorecord of each broadcast in order to register the works. He has not done so. Therefore, at most, the only broadcasts that are registered and thus eligible for statutory damages and attorney's fees, are the six broadcasts that were submitted with the registration application. But, because plaintiff

has submitted no evidence as to the identity of those six broadcasts, we cannot grant his motion with respect to those broadcasts.

To the extent that plaintiff argues that our interpretation of § 408(b) is inconsistent with the Berne Convention because it treats works of foreign origin differently than works of local origin, we disagree. The holders of copyrights for foreign works need not register those works in order to bring a suit for copyright infringement. Registration is only a prerequisite when the foreign copyright holder seeks statutory damages and attorney's fees. Registration is also a prerequisite for statutory damages and attorney's fees for works of local origin – indeed registration is a prerequisite to even filing suit for local works. Rather than treat foreign works differently, the registration requirement establishes a parity between foreign works and works of local origin. *See Nimmer on Copyright* § 7.16[C][1], pp. 7-183–84 ("Still, the fact that foreign authors may find this provision particularly onerous does not constitute a violation of the 'national treatment' requirement under the multilateral treaties, given that American nationals are subjected to the same requirement.") (footnotes omitted).

Finally, plaintiff asserts that the Register of Copyrights granted him special leave to file only a representative sample of his broadcasts with the application. This may be true, but plaintiff has submitted no evidence that such leave was granted. And as noted above, nothing on the certificate of registration indicates what broadcasts have been registered.

## CONCLUSION

For the foregoing reasons, plaintiff's motion is denied.

_____
JAMES B. MORAN
Senior Judge, U. S. District Court

_July 24_____, 2008.